In the Matter of EMPIRE DISCOUNT CORPORATION, Respondent, *v.* ROBERT E. O'BRIEN, Appellant.

Fourth Department, October 22, 1964.

*Warren, Case, Weingartner & Yorks* (*James H. Boomer* of counsel), for appellant.

*Relin, Relin & Celona* (*Nathan Relin* of counsel), for respondent.

*Per Curiam.* On March 6, 1963 Special Term granted an order directing appellant O'Brien, as holder of a mortgage which is a lien on property owned by respondent Empire, to execute an assignment thereof pursuant to the provisions of section 275 of the Real Property Law, without determining the amount due on the mortgage.

The mortgage in question was executed in 1955 to secure the payment of $150,000 and was a first lien on property then owned by Three D Bldg. Corp. Subsequent to the execution of that mortgage a portion of the property was taken by the State of New York and in August, 1962 the Court of Claims awarded Three D Bldg. Corp. the sum of $70,000 for said taking.

Thereafter in October, 1962 Empire acquired title to the remaining parcel and O'Brien became the holder of the mortgage upon which the balance due was apparently $72,611.98, with interest from February 9, 1961. O'Brien released the State from the lien of his mortgage without receiving any money to be credited to its balance and the State paid the award to Three D Bldg. Corp. Before O'Brien executed the release to the State, and within a day or two of the time when he acquired the mortgage, Empire had made a request to O'Brien's assignor for an assignment of the mortgage, offering to pay the balance due.

On November 28, 1962 Empire made a written demand upon O'Brien to execute an assignment of the mortgage and revoke the release given to the State.

O'Brien has been ready and willing to execute the assignment and deliver the same to Empire upon payment of the principal amount and interest due upon the mortgage. Empire, however, will pay the full amount only upon receipt of an assignment of mortgage coupled with a cancellation or recall of the release given the State, or, in the alternative, requires that the value

of the land or money released be credited on the sum due and payable on the mortgage.

The right to command an assignment under section 275 of the Real Property Law comes into existence only upon payment or tender of " the full amount of principal and interest due on the mortgage ". What that amount is was not determined by Special Term, apparently because of a mistaken belief that the parties would agree upon the figure. It appears however that they are far from agreement and are in fact in conflict over this point as a result of their primary controversy over whether O'Brien was or was not entitled to release the Court of Claims award in the circumstances claimed to exist by Empire. Because of its failure to define the amount of the payment required for the assignment, the order of Special Term is ineffective and cannot stand.

It appears from appellant's brief and it was conceded upon argument that a foreclosure action has been commenced by O'Brien. In reviewing an order granted on a motion for summary judgment in that action this court has already determined that the propriety of O'Brien's release of the Court of Claims award and the effect of that release upon the remaining obligation of Empire under the first mortgage are issues of fact to be determined in the action to foreclose. (*O'Brien* v. *Empire Discount Corp.*, 20 A D 2d 677.) In view of the pendency of that action — in which the issue of the amount due must be resolved — nothing would be served by remitting this proceeding to Special Term for further proceedings under section 275 of the Real Property Law. The foreclosure action, rather than an application under the statutory section, is an appropriate place for the resolution of the critical issue.

Accordingly, the order entered March 6, 1963 directing O'Brien to execute an assignment should be reversed and the petition dismissed, without prejudice to any further proceedings which may be had. In the light of the foregoing, the appeals taken from other orders become academic.

WILLIAMS, P. J., GOLDMAN, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Order entered March 6, 1963, unanimously reversed, without costs of this appeal to either party, and petition dismissed in accordance with the opinion. Appeals from orders entered March 7, 1963 and April 3, 1963, dismissed as academic.